UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


ERIC MCCALL (#418559)

VERSUS                                          CIVIL ACTION

R. STEAD, ET AL                                 NUMBER 14-212-SDD-SCR


**<u>NOTICE</u>**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, April 13, 2015.

*[signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ERIC MCCALL (#418559)

VERSUS                                           CIVIL ACTION

R. STEAD, ET AL                                  NUMBER 14-212-SDD-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court is the Motion for Summary Judgment filed by defendant Sgt. Dwayne Adams, record document number 29, and the Motion for Summary Judgment filed by defendant Lt. Randy Stead, record document number 44. The motions are opposed.[1]

For the reasons which follow, the motions for summary judgment should be denied.

**Background**

Plaintiff Eric McCall, an inmate at Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed a Complaint Under the Civil Rights Act ("Complaint") pursuant to 42 U.S.C. § 1983 against Sgt. Dwayne Adams, Lt. Randall Stead,[2] Capt. John Sander,[3]

---

[1] Record document numbers 34, 46, 47 and 52, and 48, respectively.

[2] Defendant Lt. Stead also goes by the name of Randy Stead.

[3] Plaintiff identified this defendant sometimes as Capt. Sander and sometimes as Capt. Sanders. Defendants referred to him as Capt. Sanders. This Magistrate Judge's Report refers to him as

(continued...)

and Emergency Medical Technician ("EMT") Lacombe Gaspard.[4] Plaintiff alleged that he was subjected to an excessive use of force and was denied medical treatment in violation of his Eighth Amendment rights.

Defendant Sgt. Adams moved for summary judgment relying on a statement of undisputed facts, his affidavit and the affidavits of Damon Turner, Jamie Honea, and Dr. Randy Lavespere, copies of the plaintiff's medical records and a photograph of the plaintiff's alleged injuries.

Defendant Lt. Stead moved for summary judgment relying on a statement of undisputed facts, his affidavit and the affidavits of defendant Sgt. Adams, Damon Turner, Jamie Honea, and Dr. Randy Lavespere, copies of the plaintiff's medical records and a photograph of the plaintiff's alleged injuries.

Plaintiff opposed defendant Sgt. Adams' motion for summary judgment relying on his affidavit, copies of Administrative Remedy

---

[3](...continued)
Capt. Sander. Capt. Sander was not served with the summons and complaint. Record document number 8. The Remarks section of the Process Receipt and Return form indicates that the Department of Corrections did not accept service on behalf of Capt. Sander because he is no longer employed by the Department of Corrections. *Id.*

[4] Record document numbers 1 and 13. Defendant EMT Gaspard was not served with the summons and complaint. Record document number 41. The Remarks section of the Process Receipt and Return form indicates that the Department of Corrections "Would not accept. Unknown Lacombe Gaspard. Need more information/proper name." *Id.*

Procedures (hereafter "ARP") Statements, copies of his medical records, copies of the Gator unit log book entries for November 9, 2013, a copy of the Daily Unit Search/Inspection Report for November 9, 2013, a copy of the Camp J Shower Roster for November 9, 2013, and a copy of a Memorandum from Lt. Col. Joe R. Jones to Warden Burl Cain regarding an investigation into the alleged November 9, 2013 incident.

Plaintiff opposed defendant Lt. Stead's motion for summary judgment relying on his affidavit.

## I. Applicable Law

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P. Supporting affidavits must set forth facts which would be admissible in evidence. Opposing responses must set forth specific facts showing that there is a genuine issue for trial. Rule 56(c). Speculation, unsupported assertions, and conclusory allegations are inadequate to defeat a motion for summary judgment. *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 660 (5th Cir. 2012). The court need only consider cited materials, but it may consider other materials in the record. Rule 56(c)(1)(3).

A state official sued in his individual capacity for damages may assert a qualified immunity defense. *Procunier v. Navarette*,

434 U.S. 555, 561, 98 S.Ct. 855, 859 (1978). This immunity is defeated if the official violated clearly established statutory or constitutional rights, of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738 (1982). In assessing the applicability of a qualified immunity defense, the court must first determine whether the plaintiff has asserted a violation of a clearly established right at all. *Siegert v. Gilley*, 500 U.S. 226, 111 S.Ct. 1789 (1991). If the court determines that there was a violation of a right secured by the Constitution, then it must determine whether the defendant could have reasonably thought his actions were consistent with the rights they are alleged to have violated. *Anderson v. Creighton*, 483 U.S. 635, 638, 107 S.Ct. 3034, 3038 (1987).

The protections afforded by the qualified immunity defense turn on the "objective legal reasonableness" of the defendant's conduct examined by reference to clearly established law. *Id.*, at 639, 107 S.Ct. at 3038. The court does not ascertain solely whether the law was settled at the time of the defendant's conduct, but rather when measured by an objective standard, a reasonable officer would have known that his conduct was illegal. Even if a defendant's conduct actually violates a plaintiff's constitutional right, the defendant is entitled to qualified immunity if the conduct was objectively reasonable. *Duckett v. City of Cedar Park, Texas*, 950 F.2d 272 (5th Cir. 1992), *citing Pfannstiel v. City of*

4

*Marion*, 918 F.2d 1178, 1183 (5th Cir. 1990); *Melear v. Spears*, 862 F.2d 1177 (5th Cir. 1989); *Matherne v. Wilson*, 851 F.2d 752 (5th Cir. 1988).

At the time of the alleged incident, a reasonable corrections officer would have known that repeatedly punching a restrained inmate without provocation was not objectively reasonable. *Hudson v. McMillian*, 503 U.S. 1, 112 S.Ct. 995 (1992); *Whitley v. Albers*, 475 U.S. 312, 106 S.Ct. 1078 (1986) (force is excessive and violative of the Eighth Amendment only if applied maliciously and sadistically for the very purpose of causing harm, rather than a good faith effort to maintain or restore discipline); *Kitchen v. Dallas County, Tx*. 759 F.3d 468, 479-480 (5th Cir. 2014)( holding that based on the framework set forth in *Hudson*, the case law of sister circuits, and the court's decision in *Bush v. Strain*, 513 F.3d 492, 502 (5th Cir. 2008), kicking, stomping and choking a subdued inmate may violate an inmate's constitutional rights under certain circumstances).[5] In addition, an officer who is present at the scene and does not take reasonable measures to protect a prisoner from another officer's use of excessive force may be

---

[5] The Fifth Circuit noted that although it has not endorsed a per se rule that no force may ever be used after an inmate has been subjected to measures of restraint, the extent to which measures of restraint have rendered unnecessary any further use of force under *Hudson*, 503 U.S. at 7, 112 S.Ct. 995, will depend on the specific facts and circumstances of each case.

liable under § 1983.[6]

A prison official may be held liable under the Eighth Amendment for acting with deliberate indifference to an inmate's health or safety only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970 (1994). The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference. *Id*.

Force is excessive and violative of the Eighth Amendment only if applied maliciously and sadistically for the very purpose of causing harm, rather than a good faith effort to maintain or restore discipline. *Hudson v. McMillian*, *supra*; *Whitley v. Albers*, *supra*. A necessary element of the excessive force claim is the proof of injury resulting from the use of force. *Knight v. Caldwell*, 970 F.2d 1430, 1432 (5th Cir. 1992), *cert. denied*, 507 U.S. 926, 113 S.Ct. 1298 (1993).

## II. Analysis

Plaintiff alleged that on November 9, 2013, at 6:00 a.m., defendant Sgt. Adams ordered him to come to the cell bars to be restrained for a routine search of his cell. Plaintiff alleged

---

[6] *Hale v. Townley*, 45 F.3d 914, 919 (5th Cir. 1995).

that he complied with the orders and was restrained in handcuffs, a waist chain and leg restraints. Plaintiff alleged that his cell door was opened and as he proceeded to exit his cell Capt. Sander and defendant Lt. Stead stepped forward and pushed him back into his cell. Plaintiff alleged that when he asked, "What is going on," Capt. Sander and defendant Lt. Stead began punching him in the chest, ribs and arms. Plaintiff alleged defendant Lt. Stead and Capt. Sander told him that "payback" is a way of life and that he was being assaulted for an incident which took place on October 11, 2013. Plaintiff alleged that defendant Sgt. Adams stood by and did not intervene on his behalf during the unprovoked assault.

Plaintiff alleged that following the incident he requested medical treatment. Plaintiff alleged that in response to his request, defendant Lt. Stead threw a five gallon bucket of ice water on him. Plaintiff alleged that the defendants refused to obtain medical treatment for him.

Plaintiff alleged that following a shift change, EMT Gaspard came onto the tier to treat another inmate. Plaintiff alleged that he declared himself a medical emergency to EMT Gaspard, but EMT Gaspard simply walked away without providing him any medical treatment.

Defendant Sgt. Adams offered a different version of the incident. Defendant Sgt. Adams asserted that on November 9, 2013, after completing pill call at 6:15 p.m., he proceeded to the

7

plaintiff's cell on Gator 3 right, cell 4, to perform a routine search of the plaintiff's cell.[7] Defendant Sgt. Adams contends that he fully restrained the plaintiff, placed the plaintiff against a wall outside the cell, and then searched the plaintiff's cell.[8] Defendant Sgt. Adams contends that Capt. John Sander and defendant Lt. Stead were present and supervising the area while he searched the plaintiff's cell.[9] Defendant Sgt. Adams contends that after the search was completed, he placed the plaintiff back in his cell, removed the restraints and continued with other duties.[10] Defendant Sgt. Adams denied that he witnessed defendant Lt. Stead and Capt. John Sander assault the plaintiff on November 9, 2013.[11] Defendant Sgt. Adams denied that the plaintiff requested medical treatment on November 9, 2013.[12]

Defendant Lt. Stead denied being involved in a confrontation with the plaintiff on November 9, 2013.[13] He denied that he was on

---

[7] Record document number 29-3, p. 1, Affidavit of Dwayne Adams.

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] *Id.*

[12] *Id.*

[13] Record document number 44-8, p. 2.

8

the unit at the time of the alleged incident.[14]

Plaintiff's medical records showed that approximately 16 hours after the alleged incident, the plaintiff was examined for complaints of having been involved in a confrontation with security.[15] Plaintiff complained of bilateral rib pain.[16] Physical examination showed three superficial bruises to the left breast and the left arm/shoulder area with no signs of trauma noted to the forearms or ribs.[17] Plaintiff's ribs were tender to palpation bilaterally,[18] and X-rays indicated a subtle fracture of the costochondral junction of the right eighth rib.[19]

Because there are significant material facts genuinely disputed, summary judgment is not appropriate. Resolution of these disputed factual issues will depend, in large part, on the credibility of the witnesses and weighing the evidence. When ruling on a motion for summary judgment, the court can neither make credibility determinations nor weigh the evidence.

---

[14] *Id.*

[15] Record document number 29-5, p. 4.

[16] *Id.*

[17] *Id.*

[18] *Id.*

[19] Record document number 29-6, p. 2, Affidavit of Dr. Randy Lavespere.

**RECOMMENDATION**

It is the recommendation of the magistrate judge that the Motion for Summary Judgment by defendant Dwayne Adams be denied, that the Motion for Summary Judgment by defendant Randall Stead be denied, and that this matter be referred back to the magistrate judge for further proceedings.

Baton Rouge, Louisiana, April 13, 2015.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE