UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ERIC McCALL | * | CIVIL ACTION NO: 14-212 |
| v. | * | |
| LT. R. STEAD; JOHN SANDER; | * | JUDGE SHELLY D. DICK |
| SGT. D. ADAMS; JOHN DOE; | * | |
| AND LACOMBE GASPARD | * | MAGISTRATE JUDGE |
| | * | STEPHEN RIEDLINGER |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*   \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**REPLY TO DEFENDANT'S MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION TO MODIFY THE SCHEDULING ORDER
AND AMEND THE COMPLAINT FOR DAMAGES**

MAY IT PLEASE THE COURT:

On July 7, 2015, Sergeant Dwayne Adams and Lt. Randy Stead filed *Defendants' Memorandum in Opposition to Plaintiff's Motion to Modify the Scheduling Order and Amend the Complaint for Damages*, which raises argues to which a response may assist this Court with the adjudication of the matter before it.

First and foremost, Mr. McCall recently filed a motion to compel the supplemental discovery that he sought in this litigation.[1] The undersigned in likely to file a motion today seeking to compel the production of discovery Mr. McCall sought through counsel. While representing otherwise, the Defendants have not been forth coming with any documents or information that would properly identify the guards who were involved in the November 9, 2013, beating of Mr. McCall.

Second, absent discovery responses that Defendants have with held, Sgt. Adams and Lt. Stead have failed to explain to this Court just how Mr. McCall a convicted felon serving time at hard labor behind bars would have access to the full names of the guards or to John Sanders' current whereabouts out of state. The Defendants have not shown that the information was in any manner available to Mr. McCall at any earlier period of time and that he simply failed to investigate or to act upon information that he had. To the contrary, Defendants have been sandbagging discovery responses and then seek to take

---

[1] Supplemental equest for Interrogatories [doc. 25, 9/3/14].

advance of their own recalcitrance.

The service information on Sanders had to be subpoenaed from an attorney at the Attorney General's Office. Sanders employment with LSP terminated as a result of multiple employee rule violations involving use of excess force on inmates who were in full restraints. Sanders just recently filed an answer in the Savoie matter, CA 14-0700. Sanders lives out of state.

The only prejudice to the Defendants is that the potential co-defendants will have to stand trial before a jury and have a jury decide whether or not they violated the rights of Mr. McCall, but how does that jury finding affect either Sgt. Adams or Lt. Stead. Sgt. Dwayne Adams' liability rest on a finding that he was bystander liability for failing to intervene, when Stead and Sanders inflicted corporal punishment "pay-back" on Mr. McCall. Therefore, if Sanders and others are not before a jury and their fault is not shown, vicariously, same ensures to Adam's benefit.

Sanders was involved in a cover up in the Savoy matter.

The EMT sought to be added denied Mr. McCall medical attention in violation of policy and contributed thereby contributing to the cover-up and damages sustained.

Third, Defendants may hardly claim that Mr. McCall has been dilatory where they have failed to timely respond to discovery requests for information that may lead to the discovery of the proper names of the Joe Doe named Defendant.

Fourth, Defendants may hardly claim that Mr. McCall has been dilatory while failing to show that he had any other avenue to discovery the service address of Sanders, the proper name of Sanders or the proper name of the EMT.

While describing the Plaintiff's motion as untimely and "negligent", the Defendants have failed to show how the Plaintiff "knew or should have known" at an earlier time of the name of EMT Thomas LaCombe of the full name of John Sanders or of his current whereabouts. Negligence is not a word, it is a showing and Mr. Adams and Mr. Stead have

failed to show that Mr. McCall was negligent.

It is noteworthy to mention that Defendants, while attempting to compile a list to demonstrate that Defendants listed production of documents that ultimately were not provided to the Plaintiff. Attempting to make a list, the Defendants also included a *Supplemental Request for Interrogatories by the Plaintiff* to which they never responded. The list then offered by the Defendants is not proof of any attempt by the Defendants to cooperate in discovery.

While claiming prejudice, the Defendants have shown none. Failing to allow the amendment would prejudice the ability of the Plaintiff to bring Sanders and EMT Thomas LaCombe to justice. Mr. McCall is entitled to his day in court against all Defendants who participated in causing him harm.

## CONCLUSION

This Court should allow the Amendment and allow the service of summons on John Sanders and on EMT Thomas LaCombe.

                                              Respectfully submitted:

                                              s/ Donna U. Grodner
                                              Donna U. Grodner (20840)
                                              GRODNER & ASSOCIATES
                                              2223 Quail Run, B-1
                                              Baton Rouge, Louisiana 70808
                                              (225) 769-1919 FAX (225) 769-1997

## CERTIFICATE

I hereby certify that on July 9, 2015, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to counsel named below by operation of the court's electronic filing system. I also certify that I have mailed by United States Postal Service this filing to the parties marked non-CM/ECF participants: None

                                              s/Donna U. Grodner
                                              Donna U. Grodner (20840)
                                              GRODNER & ASSOCIATES

2223 Quail Run, B-1  
Baton Rouge, Louisiana 70808  
(225) 769-1919 FAX 769-1997  
Email:   dgrodner@grodnerlaw.com