UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ERIC McCALL                                                CIVIL ACTION

VERSUS                                                     NUMBER 14-0212-SDD-EWD

LT. R. STEAD; JOHN SANDERS;
SGT. D. ADAMS; JOHN DOE; AND
LACOMBE GASPARD

### RULING ON MOTION FOR LEAVE TO AMEND COMPLAINT

Before the Court is the Motion for Leave to Amend Complaint for Damages filed by plaintiff Eric McCall (the "Motion for Leave").[1] The proposed pleading would be Plaintiff's Second Amended Complaint.[2] The Motion for Leave is opposed.[3] For the reasons discussed below, Plaintiff's Motion for Leave is **GRANTED.**

### I.  Background

Plaintiff Eric McCall, an inmate at Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed a Complaint Under the Civil Rights Act ("Complaint"), pursuant to 42 U.S.C. § 1983 against Sgt. Dwayne Adams, Lt. Randall Stead,[4] Capt. John Sander,[5] and Emergency Medical Technician ("EMT") John Doe on April 8, 2014.[6] Plaintiff alleges that he was subjected to an excessive use of force and was denied medical treatment in violation of his Eighth Amendment rights. On April 10, 2014, this Court granted Plaintiff's Motion to Proceed in Forma Pauperis

---

[1] R. Doc. 62.
[2] This Court denied plaintiff's previous attempt to amend his Complaint a second time to add a claim against a physician. (R. Docs. 50 and 54).
[3] R. Doc. 65, filed by defendants Lieutenant Randy Stead and Sergeant Dwayne Adams. Plaintiff also filed a reply memorandum. (R. Doc. 66).
[4] Defendant Lt. Stead also goes by the name of Randy Stead.
[5] In the Complaint, Plaintiff identified this defendant as both "Capt. Sander" and "Capt. Sanders." The proposed Second Amended Complaint for Damages, seeks in part to correct the name to "Captain John Sanders." R. Doc. 62-3, ¶3.
[6] R. Doc. 1.

under 28 U.S.C. § 1915.[7] A Summons was also issued to all four defendants on April 10, 2014, but service was obtained only as to Sgt. Adams.[8] Sgt. Adams filed an Answer on July 7, 2014.[9]

On July 25, 2014, Plaintiff filed a *pro se* Motion for Leave to File Amended Complaint, seeking to correctly identify "EMT John Doe" as "Lacombe Gaspard."[10] While the Motion for Leave was pending and upon Plaintiff's request, this Court issued an Order on August 12, 2014, requiring the defendants to provide a current address, if known, for Capt. Sander and Lt. Stead.[11] Plaintiff ultimately provided Lt. Stead's address to the Court on September 4, 2014.[12]

Also on September 4, 2014, this Court granted Plaintiff's Motion for Leave to File Amended Complaint and a Summons was issued to both Lt. Stead and Lacombe Gaspard.[13] Lt. Stead was served with the lawsuit on November 4, 2014, and filed an Answer With Jury Demand on November 10, 2014.[14] The Summons was returned unexecuted as to Lacombe Gaspard on November 4, 2014.[15] Sgt. Adams and Lt. Stead filed separate Motions for Summary Judgment, which this Court denied on May 8, 2015.[16]

On July 2, 2015, through newly obtained counsel, Plaintiff filed the instant Motion for Leave, seeking to amend the Complaint and the First Amended Complaint to provide the correct name and service address of defendants Capt. John Sanders and EMT Thomas LaCombe.[17] The proposed Second Amended Complaint for Damages adopts all of the allegations from the Complaint and the Amended Complaint and provides additional details regarding jurisdiction,

---

[7] R. Doc. 3.
[8] R. Docs. 5, 7, and 8.
[9] R. Doc. 9.
[10] R. Doc. 13.
[11] R. Doc. 15.
[12] R. Doc. 27.
[13] R. Docs. 28, 30, and 31.
[14] R. Docs. 40 and 42.
[15] R. Doc. 41.
[16] R. Docs. 29, 44, 58, and 59.
[17] R. Doc. 62.

venue, Plaintiff's injuries, as well as a claim for costs and attorney fees.[18] Plaintiff asserts that the proposed Second Amended Complaint does not raise any new cause of action and only seeks to correct the names of two defendants so that they can be served with a copy of the lawsuit.[19] Plaintiff also argues that the defendants have not been forthcoming with documents or information that could have provided the correct information for Capt. Sanders and EMT LaCombe, nor have the defendants shown that this information was available to Plaintiff at an earlier time. Plaintiff urges the Court to grant his Motion for Leave because failing to allow the amendment would prejudice his ability to bring Capt. Sanders and EMT LaCombe to justice.

Defendants Lt. Stead and Sgt. Adams oppose Plaintiff's Motion for Leave, arguing that Plaintiff has not shown good cause to amend either the Complaint or the Scheduling Order, as required by Federal Rules of Civil Procedure 15 and 16.[20] Defendants assert that the proposed Second Amended Complaint names two *additional* defendants, Capt. Sanders and EMT LaCombe, and that the deadline to join other parties has expired.[21] Since that deadline has expired, defendants argue that the Court must determine whether there is good cause to modify the Scheduling Order to allow the amendment, as required by Fed. R. Civ. P. 16(b). Defendants claim Plaintiff has not shown good cause to amend the Scheduling Order because he failed to exercise due diligence in making service requests on Capt. Sanders and EMT LaCombe and failed to timely move to amend the Complaint. Defendants also assert that Plaintiff has not shown good cause to amend the Complaint to add new parties and new claims, especially since Plaintiff has already filed a First Amended Complaint.

---

[18] R. Doc. 62-3.
[19] R. Doc. 62.
[20] R. Doc. 65. Although the Motion for Leave does not mention modifying the Scheduling Order, defendants filed an "Opposition to *Plaintiff's Motion to Modify the Scheduling Order* and Amend the Complaint for Damages." (R. Doc. 65) (emphasis added).
[21] Defendants provide no support for their claim that this Court set a deadline for joining parties in this litigation, and no such deadline is contained in either Scheduling Order. (*See* R. Docs. 4 and 30).

The two Scheduling Orders issued in this case do not set a deadline for amending the pleadings or for adding parties.[22]

## II. Law and Analysis

A party may amend its pleading once as a matter of course "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."[23] However, under Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave" and a "court should freely give leave when justice so requires."[24] A district court has limited discretion to deny a litigant leave to amend because Rule 15 evinces a bias in favor of granting leave to amend.[25] Although leave to amend should not be automatically granted, "[a] district court must possess a substantial reason to deny a request for leave to amend."[26] In determining whether to grant leave, a court may consider several factors, including, "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment . . . ."[27]

Of these factors, defendants argue that leave should be denied due to Plaintiff's dilatory motive, his failure to exercise due diligence in making service requests on Capt. Sanders and EMT LaCombe, and because the amendment, filed almost a year after the First Amended Complaint, will prejudice the defendants.[28] Plaintiff supports his Motion for Leave by referencing events in

---

[22] *See* R. Docs. 4 and 30.
[23] Fed. R. Civ. P. 15(a)(1)(B).
[24] Fed. R. Civ. P. 15(a)(2).
[25] *Goldstein v. MCI WorldCom*, 340 F.3d 238, 254 (5th Cir. 2003) (quotation and citation omitted).
[26] *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quotations omitted).
[27] *Rhodes v. Amarillo Hosp. Dist.*, 654 F.2d 1148, 1153 (5th Cir. 1981) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed. 2d 222 (1962)).
[28] R. Doc. 65.

4

discovery that occurred after he filed the First Amended Complaint. Specifically, Plaintiff asserts he only recently obtained the correct name and service address for Capt. Sanders and EMT LaCombe..[29]

The Court has reviewed the Plaintiff's proposed amendments and there is no evidence that these amendments are sought in bad faith, would surprise or unfairly prejudice the defendants, or would cause undue delay. "Generally a plaintiff is not dilatory in seeking to amend a complaint when no trial or pre-trial dates [have been] scheduled and no significant activity beyond the pleading stage has occurred."[30] The two Scheduling Orders issued in this case do not provide any trial or pre-trial dates, nor do they provide a deadline for filing an amended complaint.[31] The Scheduling Orders merely set a 90-day deadline for the parties to complete discovery and mandate that all discovery requests and responses be filed in the record. *Id*. Nothing in the record suggests that Plaintiff has been dilatory in seeking to amend his Complaint. Further, Plaintiff's delay in seeking leave to amend is not unexplained, unjustified, or unreasonable. Plaintiff sought to amend his Complaint based upon information obtained after he filed his First Amended Complaint on July 25, 2014. Defendants have not shown that the information was available to Plaintiff sooner and that he failed to investigate or act upon the information. The Motion for Leave should, therefore, not be denied on the basis of undue delay.

The procedural history of this case also shows that plaintiff has been diligent in seeking to correctly identify and effect service upon EMT Thomas LaCombe and Capt. John Sanders. While Plaintiff's original Complaint names "EMT John Doe" as a defendant, Plaintiff's first discovery request, filed a week later, sought from defendants, "a copy of the log book on Gator-3 and 4 side

---

[29] R. Doc. 66-2.
[30] *Boyce v. CitiMortgage, Inc*., 992 F.Supp.2d 709, 720 (W.D. Tex. 2014) (quotation and citation omitted); *See Smith v. EMC Corp*., 393 F.3d 590, 595 (5th Cir. 2004).
[31] *See* R. Docs. 4 and 30.

5

where I was housed at on 11/9/13 *for I could [sic] get EMT 'John Doe' Real name* etc. in this matter."[32] Plaintiff subsequently sought leave to amend the Complaint, asserting that, "Since the filing of the Complaint the plaintiff has determined that the name of the E.M.T. John Doe defendant is E.M.T. Lacombe Gaspard, Badge Number 551."[33] After filing the First Amended Complaint, Plaintiff continued to propound discovery requests seeking the "incoming names that made traffic rounds that was on EMT medical call for Camp J. on 11/9/13" and the "O.T.U. EMT log book from 11/9/13."[34] All of these actions were done while Plaintiff was proceeding *in forma pauperis* as a *pro se* litigant. Although Plaintiff had limited resources and no representation by counsel at the time, it is apparent that he diligently sought to obtain EMT LaCombe's correct name since he first filed his Complaint.

Plaintiff has also been diligent in his attempt to effect service upon Capt. Sanders. When the initial Summons was returned unexecuted as to EMT John Doe, Capt. John Sander, and Lt. R. Stead, Plaintiff filed a letter in the record requesting the last known address of defendants Capt. John Sander and Lt. Randell [sic] Stead.[35] This Court subsequently issued an Order "that any defendant knowing a current residence, work or business address for defendants John Sander and Rendall Stead provide it to the clerk of court, under seal, within 10 days so that defendants Sander and Stead may be served . . . ."[36] Despite the Order, no defendant was able to provide the information.[37] Plaintiff ultimately provided a service address for Lt. Stead.[38] Plaintiff also provided the service information for Capt. Sanders, which "had to be subpoenaed from an attorney

---

[32] R. Doc. 6 (emphasis added).
[33] R. Doc. 13.
[34] R. Docs. 25 and 53.
[35] R. Doc. 14.
[36] R. Doc. 15.
[37] Defendant Dewayne Adams filed a Notice of Compliance in the record on August 20, 2014, indicating that he did not have the requested information. (R. Doc. 17).
[38] R. Docs. 27.

6

at the Attorney General's Office" since Capt. Sanders' employment with LSP had terminated.[39] Defendants have not shown that Plaintiff failed to exercise due diligence in his service attempts on Capt. Sanders or that he should have obtained the correct service address sooner.

Defendants have also failed to show that they will be prejudiced if the Court allows Plaintiff to amend his Complaint. As *pro se* pleadings, Plaintiff's Complaint and First Amended Complaint are to be construed liberally with all well-pleaded allegations taken as true.[40] Both the Complaint and the First Amended Complaint assert a claim under 42 U.S.C. § 1983, which is the kind of claim in which costs and attorney's fees are typically sought and awarded pursuant to 42 U.S.C. § 1988. As explained by the Fifth Circuit, "[G]iven the strong policy behind § 1988 of awarding fees to prevailing plaintiffs, defendants must make an 'extremely strong showing' of special circumstances to avoid paying attorneys' fees and that 'the discretion to deny § 1988 fees is . . . extremely narrow.'"[41] To the extent that costs and attorney's fees are the type of damages typically sought when plaintiffs file a § 1983 claim, it should come as no surprise to defendants that Plaintiff would file a claim for costs and attorney's fees once his counsel enrolled in this matter. Thus, Plaintiff's Motion for Leave should not be denied based upon defendants' allegations of prejudice.

## III. CONCLUSION

Consistent with the liberal standard applicable to Federal Rule of Civil Procedure 15, this Court will allow Plaintiff to amend his Complaint and First Amended Complaint as requested. For the reasons given above, **IT IS ORDERED** that Plaintiff's Motion for Leave to Amend Complaint for Damages (R. Doc. 62), seeking to file a Second Amended Complaint for Damages (R. Doc.62-

---

[39] R. Doc. 66-2.
[40] *Sama v. Hannigan*, 669 F.3d 585, 599 (5th Cir. 2012) (citations omitted).
[41] *Pruett v. Harris Cty. Bail Bond Bd.*, 499 F.3d 403, 417 (5th Cir. 2007) (quotation and citations omitted).

7

3), is **GRANTED** and that Plaintiff's Second Amended Complaint for Damages is to be filed in the record by the Clerk of Court.

Signed in Baton Rouge, Louisiana, on March 14, 2016.

*Erin Wilder-Doomes*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**